Billings, Thomas P., J.
The defendant’s Motion for Summary Judgment is DENIED.
“[A] cause of action for breach of fiduciary duty does not accrue until the beneficiary has actual knowledge of the fiduciary’s breach. Constructive knowledge is insufficient.” Lattuca v. Robsham, 442 Mass. 205, 213 (2004); see Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 519-20 (1997). Although the claimant need not realize that he has a cause of action, he must have “(a)ctual knowledge of injury suffered at a fiduciary’s hands” to start the clock ticking. Doe v. Harbor Schools, Inc., 446 Mass. 245, 256 (2006).
The centerpiece of the defendant’s motion is the plaintiffs June 30, 2003 letter to his cousins and fellow legatees (Ex. E to the defendant’s Motion). This letter discloses his quite pronounced irritation at various aspects of the defendant’s conduct, including her delay in administering the Estate and specifically (at p. 2, bottom half) in attending to the matter of estate tax returns. The letter does not, however, establish beyond dispute that the plaintiff knew at that point that the returns still had not been filed and the taxes had not been paid, let alone that the Estate would have to pay interest and penalties as a result. His failure to assert that the defendant’s conduct had resulted in any “appreciable harm” (Cantu v. St. Paul Cos., 401 Mass. 53, 56 (1987)) to the Estate might, indeed, be taken as evidence that he did not know of any.
Finally, there is the fact that although Mr. Cervone is now the Estate’s Executor (having replaced the defendant when the Probate Court removed her in 2005), in 2003 his status was only that of legatee. His knowledge in 2003 could not be imputed to the Estate, because he was not its agent or legal representative. Nor may the Estate be made to suffer because its Executor at the time — -who presumably had the requisite knowledge — failed to bring a lawsuit against herself.
The defendant has thus failed to establish the absence of a genuine issue of material fact and her entitlement to judgment as a matter of law.
ORDER
For the foregoing reasons, the defendant’s Motion for Summary Judgment is DENIED.